MAYER BROWN LLP
ELIZABETH MANN (SBN 106524)
emann@mayerbrown.com
STEVEN E. RICH (SBN 198412)
srich@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

MAYER BROWN LLP
LUCIA NALE
lnale@mayerbrown.com
DEBRA BOGO-ERNST
dernst@mayerbrown.com
STEPHEN J. KANE
skane@mayerbrown.com
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
(Admitted Pro Hac Vice)

Attorneys for Defendant
CITIMORTGAGE, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| IN RE: CITIMORTGAGE, INC. HOME AFFORDABLE MODIFICATION PROGRAM ("HAMP") LITIGATION | Case No. 11-ml-2274 DSF (PLAx) |
| | District Judge Dale S. Fischer |
| This document relates to: | Magistrate Judge Paul L. Abrams |
| Beverly King, et al. v. CitiMortgage, Inc. CV 10-3792 DSF (PLAx) | **DEFENDANT CITIMORTGAGE, INC.'S APPLICATION TO SEAL, IN PART, TWO DOCUMENTS RELATING TO PLAINTIFFS' MOTION TO STRIKE EXPERT TESTIMONY** |
| Balbir Singh v. CitiMortgage, Inc. CV 11-8322 DSF (PLAx) | |
| Leslie Barry, et al. v. CitiMortgage, Inc. CV 11-8323 DSF (PLAx) | |
| Davidson Calfee, et al. v. CitiMortgage, Inc. CV 11-8324 DSF (PLAx) | [Local Rule 79-5] |
| Juan Silva, et al. v. CitiMortgage, Inc. CV 11-8325 DSF (PLAx) | |
| Jo Ann Gastineau v. CitiMortgage, Inc. CV 11-8326 DSF (PLAx) | |

CITIMORTGAGE'S APPLICATION TO SEAL, IN PART, TWO DOCUMENTS RELATING TO PLAINTIFFS' MOTION TO STRIKE EXPERT TESTIMONY; CASE NO. 11-ml-2274 DSF (PLAx)

707073844

| | |
|---|---|
| 1 | William T. Whiting v. CitiMortgage, Inc. |
| | CV 11-8327 DSF (PLAx) |
| 2 | David G. Derosa, et al. v. CitiMortgage, Inc. |
| 3 | CV 11-8328 DSF (PLAx) |
| 4 | Keith Goodyk, et al. v. CitiMortgage, Inc., |
| | 2:11-cv-10372 DSF (PLAx) |
| 5 | Robert Coons, et al. v. CitiMortgage, Inc., |
| | 2:11-cv-10373 DSF (PLAx) |
| 6 | Joaquin Sequeira, et al. v. CitiMorgage, Inc. |
| 7 | CV 11-9179 DSF (PLAx) |

2

CITIMORTGAGE'S APPLICATION TO SEAL, IN PART, TWO DOCUMENTS RELATING TO PLAINTIFFS' MOTION TO STRIKE EXPERT TESTIMONY; CASE NO. 11-ml-2274 DSF (PLAx)

707073844

PLEASE TAKE NOTICE that, pursuant to Local Rule 79-5.1, and consistent with the guidance set forth in this Court's May 30, 2013 Order (Dkt. No. 337), Defendant CitiMortgage, Inc. ("Citi") submits its application to seal portions of two documents cited in Plaintiffs' anticipated motions to strike testimony from Citi's expert witnesses. Citi requests that only certain information be redacted from any public filing of these two documents. Most of the proposed redactions relate to the individually identifiable financial information of a named plaintiff. The rest of the proposed redactions relate to fields and coding within Citi's loan servicing system and related data. These selected pages, and proposed redactions, are specifically identified in the supporting Declaration of Steven E. Rich ("Rich Decl.") concurrently filed with this Application.

## RELEVANT BACKGROUND

On July 15, 2013, Plaintiffs notified Citi that they intend to move to strike the testimony of Citi's experts Dr. Faten Sabry and Angela Watson, and that Plaintiffs' motions would reference certain documents and deposition testimony that Citi previously designated as confidential. Rich Decl. Ex. 1. Plaintiffs initially identified July 22, 2013 as the date their motions would be filed. *Id.* However, to give Citi additional time to review its confidentiality designations, Plaintiffs' counsel later notified Citi that these motions would be filed on July 26, 2013. Rich Decl. ¶ 3.

Upon a careful review of the documents identified by Plaintiffs, Citi identified two documents requiring redactions. As discussed below, these limited redactions are necessary to shield Plaintiff Karen Grover's non-public personally identifiable information ("NPPI") (e.g., account balances, account information, etc.), which Citi is required to protect. 15 U.S.C. § 6801(a) (Gramm-Leach-Bliley Act, hereinafter "GLB Act"). In addition, some redactions are necessary to protect Citi's proprietary and confidential information.

Citi's counsel has conferred with Plaintiffs' counsel prior to filing this application. With the exception of personal identifying and financial information, Plaintiffs' counsel does not agree to the redaction of the remaining information. For the reasons discussed below, Citi disagrees that with Plaintiffs' position and respectfully submits that good cause exists to redact the limited information identified in this application.

## CITI'S REQUESTED REDACTIONS

Citi requests that redactions be permitted on two documents identified by Plaintiffs as exhibits to their upcoming motions: (1) the Reply Report of Ian Ayres ("Ayres Report"), and (2) an internal Citi document concerning computer training, which reveals very detailed field-related information about Citi's systems.

**1.   Ayres Reply Report**

Plaintiffs identify the Ayres Report as among the materials they intend to rely on in support of their motions to strike. Rich Decl. Ex. 1. This report contains NPPI, and reveals specific codes used within Citi's proprietary computer systems. Both types of information should be redacted.

*NPPI*. The Ayres Reply includes, in its "Appendix 2" (pages 25-39), an amortization chart Dr. Ayres prepared regarding Plaintiff Grover's residential mortgage loan. This chart shows Plaintiff Grover's "unpaid principal balance," the monthly principal and interest payments for the remainder of the loan, an estimated monthly principal and interest payment had the loan been modified under certain terms, and other sensitive financial information concerning Plaintiff Grover. This data is non-public personal information regarding Citi's borrower (Plaintiff Grover) that is protected from public disclosure by the GLB Act. Under the GLB Act, "each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and … protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a). Citi

takes great caution in preserving the security of its customer information, the Federal Rules also permit redactions in limited instances (Fed. R. Civ. P. 5.2). *See* 12 C.F.R. § 313.3. Therefore, Citi respectfully requests that the NPPI contained in the Ayres Report be withheld from the public record.

*Proprietary Information*. The Ayres Reply (at 11, 14-15) identifies specific code numbers used in connection with Citi's proprietary data management systems, "CitiLink" and fields used within "MAT", which is the Mortgage Assistance Tool that Citi utilizes in analyzing borrowers for eligibility under HAMP. Citi believes that good cause exists for redacting this information. "[A] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Forro Precision, Inc. v. Int'l Bus. Machines Corp.*, 673 F.2d 1045, 1057 (9th Cir. 1982). These specific codes are precisely the type of "technical data developed by" a party "to aid in" the operation of its business that is entitled to remain confidential. *Cf. MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993) (finding field information within a database to be a protectable trade secret). In addition, this information reveals specific information relating to how and where Citi stores its borrowers' sensitive financial information. Public disclosure of this information puts Citi's systems—and its customers' private information—at risk for infiltration from unauthorized third-parties, such as computer hackers. A court may deny access to the public where documents could "become a vehicle for improper purposes." *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). Therefore, Citi respectfully submits that good cause exists to protect Citi's confidential information.

**B.     Citi's Internal Computer Training Document**

Plaintiffs' motion to strike also relies on a Citi document identified with the

Bates Number CITI HAMP MDL004197-4209 (attached as Ex. 4 to the Rich Decl.), produced during discovery, that explains in detail how to perform certain functions within the CitiLink loan servicing system and related data sources.[1] Citi proposes that certain technical information be redacted from the document. The confidential information in this document reveals, with considerable step-by-step detail, how this system operates and its interrelationship with other Citi data sources, e.g., MAT and DRI, which contains default-related data. CitiLink is a proprietary application Citi uses to collect and process customer data and "which ha[s] been developed by defendant over a number of years to efficiently run the business and provide the company with a competitive advantage in defendant's industry[.]" *Davis v. Soc. Serv. Coordinators, Inc.*, 2012 WL 2376217, at *1, (E.D. Cal. June 22, 2012) (granting motion to seal documents that "generally contain Defendants' internal operating procedures"). Citi reasonably believes that this confidential material developed in connection with its business is a protectable trade secret that, if publicly disclosed, would pose a "potential competitive disadvantage." *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161 (N.D. Cal. 1992) (permitting pretrial documents containing confidential information to be filed under seal); *Stanislaus Food Products Co. v. USS-POSCO Indus.*, 2012 WL 6160468, at *4 (E.D. Cal. Dec. 11, 2012) (documents containing "trade secret and other confidential information" were kept confidential).

In addition, because CitiLink is used to compile NPPI concerning Citi's borrowers, revealing step-by-step instructions regarding the operation of this system puts that sensitive financial information at risk for infiltration from unauthorized third-parties, such as computer hackers.

For these reasons, Citi respectfully requests that good cause exists to protect Citi's confidential information.

---

[1] This document was designated as "CONFIDENTIAL" under the Protective Order in place in this action (Dkt. No. 23).

## CONCLUSION

For the reasons discussed above, Citi respectfully requests that the Court grant this application, and permit the proposed redactions on the two documents that are the subject of this application. Consistent with this Court's Pilot Program Procedures, redacted versions of both documents have been filed in accordance with the Local Rules and this Court's Standing Order. A proposed order is filed herewith.

Dated: July 22, 2013

MAYER BROWN LLP

By: /s Steven E. Rich
Elizabeth Mann
Lucia Nale
Debra Bogo-Ernst
Stephen J. Kane
Steven E. Rich
Attorneys for Defendant
CitiMortgage, Inc.

5
CITIMORTGAGE'S APPLICATION TO SEAL, IN PART, TWO DOCUMENTS RELATING TO PLAINTIFFS'
MOTION TO STRIKE EXPERT TESTIMONY; CASE NO. 11-ml-2274 DSF (PLAx)
707073844