MAYER BROWN LLP
ELIZABETH MANN (SBN 106524)
*emann@mayerbrown.com*
STEVEN E. RICH (SBN 198412)
*srich@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

MAYER BROWN LLP
LUCIA NALE
*lnale@mayerbrown.com*
DEBRA BOGO-ERNST
*dernst@mayerbrown.com*
STEPHEN J. KANE
*skane@mayerbrown.com*
71 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 782-0600
Facsimile:   (312) 701-7711
(Admitted Pro Hac Vice)

Attorneys for Defendant
CITIMORTGAGE, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE: CITIMORTGAGE, INC. HOME AFFORDABLE MODIFICATION PROGRAM ("HAMP") LITIGATION | Case No. 11-ml-2274 DSF (PLAx) |
| | District Judge Dale S. Fischer |
| This document relates to: | Magistrate Judge Paul L. Abrams |
| Beverly King, et al. v. CitiMortgage, Inc. CV 10-3792 DSF (PLAx) | **DEFENDANT CITIMORTGAGE, INC.'S APPLICATION TO SEAL, IN PART, DOCUMENTS RELATING TO PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION** |
| Balbir Singh v. CitiMortgage, Inc. CV 11-8322 DSF (PLAx) | |
| Leslie Barry, et al. v. CitiMortgage, Inc. CV 11-8323 DSF (PLAx) | |
| Davidson Calfee, et al. v. CitiMortgage, Inc. CV 11-8324 DSF (PLAx) | [Local Rule 79-5] |
| Juan Silva, et al. v. CitiMortgage, Inc. CV 11-8325 DSF (PLAx) | |
| Jo Ann Gastineau v. CitiMortgage, Inc. CV 11-8326 DSF (PLAx) | |

William T. Whiting v. CitiMortgage, Inc.
CV 11-8327 DSF (PLAx)
David G. Derosa, et al. v. CitiMortgage, Inc.
CV 11-8328 DSF (PLAx)
Keith Goodyk, et al. v. CitiMortgage, Inc.,
2:11-cv-10372 DSF (PLAx)
Robert Coons, et al. v. CitiMortgage, Inc.,
2:11-cv-10373 DSF (PLAx)
Joaquin Sequeira, et al. v. CitiMorgage, Inc.
CV 11-9179 DSF (PLAx)

1    PLEASE TAKE NOTICE that, pursuant to Local Rule 79-5.1, and consistent with the guidance set forth in this Court's May 30, 2013 Order (Dkt. No. 337) and July 25, 2013 Order (Dkt. No. 386) (collectively the "Prior Orders"), Defendant CitiMortgage, Inc. ("Citi") submits its application to seal portions of seven documents cited in Plaintiffs' reply submitted in support of their motion for class certification. Citi requests that only certain proprietary or otherwise sensitive information relating to fields and coding within its loan servicing system, as well as training materials prepared for Citi's internal users of that system, be redacted from any public filing. These selected pages, and proposed redactions, are specifically identified in the supporting Declaration of Steven E. Rich ("Rich Decl.") concurrently filed with this Application.

## RELEVANT BACKGROUND

On July 31, 2013, Plaintiffs notified Citi that they intend to file a reply brief in support of their motion for class certification, and that their motion would reference certain documents and information that Citi designated as confidential during discovery in this action. Rich Decl. Ex. 1.

Upon a careful review of the documents identified by Plaintiffs, and using guidance from this Court's Prior Orders, Citi identified seven documents that require redactions. As discussed below, these limited redactions are necessary to protect Citi's proprietary and confidential information.

Citi's counsel has conferred with Plaintiffs' counsel prior to filing this application. Other than borrowers' personal identifying information, Plaintiffs' counsel does not agree to the redactions. For the reasons discussed below, Citi disagrees with Plaintiffs' position and respectfully submits that good cause exists to redact the limited information identified in this application.

## CITI'S REQUESTED REDACTIONS

There are certain documents in this litigation "that legitimately should be

under seal." Dkt. No. 337. Citi respectfully submits that the documents Plaintiffs identified in their July 31, 2013 Letter (specifically, those comprising Azar Declaration[1] Exhibit Nos. 69(a), 69(c), 72, 78, 83, 84 and 85) are among those materials. These documents reveal code numbers used in connection with Citi's proprietary loan servicing system, "CitiLink," and, in some instances, provide specific instruction as to how to perform certain functions within CitiLink and related data sources. Some of these documents contain screen images from CitiLink that reflect third-party borrower information.[2] The confidential information in these documents reveals, with considerable detail, how Citi's systems operate and the interrelationship among Citi's other data sources, e.g., its proprietary Mortgage Assistance Tool ("MAT") and DRI, which contains default-related data. CitiLink is a proprietary application Citi uses to collect and process customer data and "which ha[s] been developed by defendant over a number of years to efficiently run the business and provide the company with a competitive advantage in defendant's industry[.]" *Davis v. Soc. Serv. Coordinators, Inc.*, 2012 WL 2376217, at *1 (E.D. Cal. June 22, 2012) (granting motion to seal documents that "generally contain Defendants' internal operating procedures"). Citi reasonably believes that this confidential material developed in connection with its business is a protectable trade secret that, if publicly disclosed, would pose a "potential competitive disadvantage." *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161 (N.D. Cal. 1992) (permitting pretrial documents containing confidential information to be filed under seal); *Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, 2012 WL 6160468, at *4 (E.D. Cal. Dec. 11, 2012) (documents containing "trade secret and other confidential information" were kept confidential).

---

[1] The Azar Declaration is in support of Plaintiffs' Reply in Support of Class Certification.
[2] In addition to proprietary information, these screen images reflect non-public personally identifying information ("NPPI") for third-party borrowers unaffiliated with this litigation. Citi has not specifically addressed this NPPI in the present application, as this Court's July 25, 2013 Order instructs that such information may be redacted and "there is no need to file [such] an unredacted document under seal."

In addition, because CitiLink has sensitive information concerning Citi's borrowers, revealing its specific coding information, as well as step-by-step instructions regarding the operation of this system, puts that this financial information at risk for infiltration from unauthorized third-parties, such as computer hackers.

Citi believes that good cause exists for redacting this information. "[A] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Forro Precision, Inc. v. Int'l Bus. Machines Corp.*, 673 F.2d 1045, 1057 (9th Cir. 1982). The specific codes and step-by-step instructions that are subject to Citi's redactions are precisely the type of "technical data developed by" a party "to aid in" the operation of its business that is entitled to remain confidential. *Cf. MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993) (finding field information within a database to be a protectable trade secret). In addition, this information reveals specific information relating to how and where Citi stores its borrowers' sensitive financial information. Public disclosure of this information puts Citi's systems—and its customers' private information—at risk for infiltration from unauthorized third-parties, such as computer hackers. A court may deny access to the public where documents could "become a vehicle for improper purposes." *Hagestad v. Tragesser,* 49 F.3d 1430, 1433-34 (9th Cir. 1995). Finally, Citi notes that the documents identified as Azar Declaration Exhibit Nos. 69(a), 69(c), and 72 reveal Citi's confidential information in a manner similar to those documents the July 25, 2013 Order identified as properly redacted.[3]

---

[3] Plaintiffs' July 31, 2013 Letter also identifies the Reply Report of Plaintiffs' retained expert Ian Ayres, as well as a document with the Bates Range CITI HAMP MDL004197-4209. Rich Decl. Ex. 1. As these documents are already subject to this Court's July 25, 2013 Order, Citi has not included them in its current application.

## CONCLUSION

For the reasons discussed above, Citi respectfully requests that the Court grant this application, and permit the proposed redactions on the seven documents that are the subject of this application. Consistent with this Court's Pilot Program Procedures, redacted versions of both documents have been filed in accordance with the Local Rules and this Court's Standing Order. A proposed order is filed herewith.

Dated: August 5, 2013                MAYER BROWN LLP


By: /s Steven E. Rich
    Elizabeth Mann
    Lucia Nale
    Debra Bogo-Ernst
    Stephen J. Kane
    Steven E. Rich
Attorneys for Defendant
CitiMortgage, Inc.