**MILBERG LLP**
DAVID E. AZAR (SBN 218319)
dazar@milberg.com
NICOLE DUCKETT (SBN 198168)
ndfricke@milberg.com
300 South Grand, Suite 3900
Los Angeles, California 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

**MILBERG LLP**
ARIANA J. TADLER
atadler@milberg.com
1 Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (213) 868-1229

**KLEIN KAVANAGH COSTELLO, LLP**
GARY KLEIN
SHENNAN KAVANAGH
KEVIN COSTELLO
85 Merrimac Street, 4th Floor
Boston, Massachusetts 02114
Telephone: (617) 357-5500
Facsimile: (617) 357-5030
klein@kkcllp.com
kavanagh@kkcllp.com
costello@kkcllp.com

*Interim Lead Class Counsel*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE: CITIMORTGAGE, INC. HOME AFFORDABLE MODIFICATION PROGRAM ("HAMP") LITIGATION | Case No. 11-ml-2274 DSF (PLAx) |
| This document relates to: | DECLARATION OF DAVID E. AZAR IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION |
| Beverly King, et al. v. CitiMortgage, Inc., CV 10-3792 DSF (PLAx) | |
| Balbir Singh v. CitiMortgage, Inc., CV 11-8322 DSF (PLAx) | DATE: September 16, 2013<br>TIME: 1:30 pm<br>CRTRM.: 840<br>JUDGE: Hon. Dale S. Fischer<br>MAGISTRATE<br>JUDGE: Hon. Paul L. Abrams |
| Leslie Barry, et al. v. CitiMortgage, Inc., CV 11-8323 DSF (PLAx) | |
| Davidson Calfee, et al. v. CitiMortgage, Inc., CV 11-8324 DSF (PLAx) | |
| Juan Silva, et al. v. CitiMortgage, Inc., | |

DEC. OF DAVID E. AZAR ISO PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| CV 11-8325 DSF (PLAx) | ) |
| Jo Ann Gastineau v. CitiMortgage, Inc., | ) |
| CV 11-8326 DSF (PLAx) | ) |
| William T. Whiting v. CitiMortgage, Inc., | ) |
| CV 11-8327 DSF (PLAx) | ) |
| David G. DeRosa, et al. v. CitiMortgage Inc., | ) |
| CV 11-8328 DSF (PLAx) | ) |
| Robert Coons, et al. v. CitiMortgage Inc., | ) |
| CV 11-01655 DSF (PLAx) | ) |
| Joaquin Sequeira, et al. v. CitiMortgage Inc. | ) |
| CV 11- 9179 DSF(PLAx) | ) |

DEC. OF DAVID E. AZAR ISO PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION

I, David E. Azar, declare as follows:

1. I am a partner at Milberg LLP, one of the Interim Co-Lead Counsel appointed by the Court to represent Plaintiffs and the Class in *In re Citimortgage, Inc. Home Affordable Modification Program ("HAMP") Litigation*, Case No. 11-ml-2274 DSF (PLAx). I have personal knowledge of the facts stated in this declaration and, if called upon as a witness, I could and would testify competently thereto. I make this declaration pursuant to 28 U.S.C. § 1746.

2. I submit this declaration in support of Plaintiffs' Reply in Support of Motion for Class Certification.

3. The documents I reference in and attach to this Declaration are true and correct copies of documents produced by Defendant Citi to Plaintiffs, or are true and correct excerpts of deposition testimony and other documents. For ease of reference, the numbering of the exhibits listed below continues from the last numbered exhibit in my opening declaration in support of Plaintiffs' Motion for Class Certification.

4. Attached as **Exhibit 55** is the Survey of State Law of Waiver of Contractual Conditions Appendix.

5. Attached as **Exhibit 56** is the Survey of State Law of Parol Evidence and Subsequent Oral Modifications Appendix.

6. Attached as **Exhibit 57** is the Survey of State Law of Good Faith and Fair Dealing Appendix. The cases cited therein show that in every state encompassed by this MDL, the implied covenant of good faith and fair dealing is a doctrine of *contract interpretation* that prevents: (1) unreasonable and arbitrary abuses of contractual discretion; (2) frustration of the other party's performance; and (3) denying the other party the benefits of the contract. *See* Restatement (Second) of Contracts § 205 (1981). The key common questions, thus, are whether Citi's policies and practices—such as its systematic policy of delaying underwriting—violated these contractual duties, which arise from the plain terms

of the form TPP Agreement.  Citi's contrary citation to *Careau & Co. v. Security Pacific Business Credit*,  222 Cal. App. 3d 1371, 1395 (1990), is disingenuous. As the *Careau* court emphasized, it is "the conduct of the defendant" – *not the subjective expectations of each class member* – that must be assessed "on a case by case basis" in addressing the merits of an implied covenant claim.

7. Attached as **Exhibit 58** is a true and correct copy of the Reply Report of Dr. Ian Ayres, Plaintiffs' expert in this matter.  This Reply Report was provided to Citi in accordance with the Court-approved schedule on June 25, 2013. The documents and testimony cited in this Report and Dr. Ayres original report are attached to this Declaration to the extent not already submitted, and appear in their own section below.

8. Attached as **Exhibit 59** is a true and correct copy of a document produced by Citi, bearing Bates numbers CITI HAMP MDL00547948-7955.  As discussed in the Motion to Strike Testimony by Dr. Faten Sabry, the document shows that Citi used a methodology in its management information system (MIS) to query data fields relating to MAT codes and "***Citi Assist codes specific to loan modification denials***" to figure out who was denied, and who was not sent a letter when they should have been.  *Id.* at 4:13-5:19.1.  The document also shows that in 2010, Citi was not only able to determine electronically the borrowers who were denied HAMP modification, and who was sent adverse action letters, but it also used the kinds of fields that Dr. Ayres suggests, and engaged in efforts to improve its formulas for querying its databases.  This shows that Citi itself engages in the kind of analytical processes for its internal purposes – developed with great sophistication and considering various kinds of data – that one might perform to ascertain the class.

9. Attached hereto as **Exhibit 60** is a true and correct copy of a document produced by Citi bearing Bates numbers CITI HAMP MDL004197-004209.  As discussed in the Motion to Strike Testimony by Dr. Faten Sabry, this

document provides one listing of Citi Assist Codes specific to loan modification denials (see the previous paragraph and Exhibit 59), along with other information showing the various fields in Citi's internal database system that are available for analysis and modified during the HAMP process.  Citi maintains the dates these data elements were changed, along with the dates case codes such as Case 199—for the removal of HAMP trial plan coding—were opened and closed.  See Ayres Reports and deposition testimony of Citi 30(b)(6) witness Thomas January, which has been submitted in my declarations.

### Regarding Trial Period Extensions

10. "HAMP Waiver #20090803," issued August 26, 2009, created a "temporary waiver" of the time limit for a borrower to return documents, and allowed servicers to "grant the borrower an extension of his or her trial period by up to two months." *See* **Rich Declaration** (RD) in Opposition to Plaintiffs' Motion for Class Certification, **Ex. 23** at 1.  The Waiver required the servicer to "send written notification to the borrower regarding the Trial Period Extension," which had to contain, *inter alia*, a statement that the borrower had qualified for a "Trial Period Extension," and had to return documents by the end of the "Trial Period Extension." *Id.* at 1-2.

11. Treasury expanded/amended HAMP Waiver #20090803 several times.  The September 29, 2009 and October 8, 2009 Updates amended the Waiver to allow the trial period to be extended either two months or to October 31, 2009, and then to December 31, 2009, respectively, *see* **RD Ex. 41** at 2, **Ex. 42** at 1, but made no change to the written notification requirement.  A November 18, 2009 amendment to the Waiver eliminated a requirement that the servicer list what was missing, but stressed that "written notification of the trial period extension (as well as all other conditions outlined in the original waiver) is still required."  A true and correct copy of the November 18, 2009 HAMP Update, available online at

- 3 -

1  https://www.hmpadmin.com/portal/news/announcements.jsp, is attached hereto as
2  **Exhibit 61**.

3  12. With SD 09-10, issued December 23, 2009, Treasury began a
4  "Conversion Campaign," which provided that any active trial modification set to
5  expire on or before January 31, 2010 could not be canceled for any reason other
6  than failure to meet the HAMP property eligibility requirements. *See* **RD Ex. 25**.
7  This extension also required written borrower notification, which would extend the
8  time to submit documents to the latter of January 31, 2010 or 30 days after the date
9  of the letter. *Id*.

10 13. Although Treasury rules also allowed for extensions of the
11 Modification Effective Date because of a borrower's late payment, those
12 extensions also required special written notice to the borrower. *See* SD 09-03 at 3
13 ("The servicer must modify the Home Affordable Modification Agreement Cover
14 Letter to inform the borrower about (i) the delay of the modification effective date
15 by one month and (ii) the effects of the interim month and the delay in the effective
16 date of the Agreement, including… the increase in the delinquent interest
17 capitalized…"). A true and correct copy of SD 09-03 is attached hereto as **Exhibit**
18 **62** and available online at
19 https://www.hmpadmin.com/portal/programs/guidance.jsp#archive4; *see also* **RD**
20 **Exh. 24** at 2 (requiring written notice to borrowers).

21 14. For approximately the first nine months of the program, Treasury also
22 allowed a "restart" of the trial period when verified income exceeded stated
23 income used to apply for the TPP by 25%. See Opp. at 2:25, 12:2-3, RD Exh. 6
24 Watson Decl. ¶¶ 29-31, citing SD 09-01 at 17; December 16, 2009 HAMP Update,
25 "Critical HAMP Waiver Granted to Participating Servicers" (eliminating HAMP
26 restarts). A true and correct copy of the December 16, 2009 HAMP Update is
27 attached hereto as Exhibit 63 and available online at
28 https://www.hmpadmin.com/portal/news/announcements.jsp. Such Restarts were

1  reported to Treasury, and so should be included in the treasury data.  Id.  Where a
2  borrower's information made a restart appropriate, it would properly be
3  characterized as a decision that was to be timely made by Citi under the initial TPP
4  Agreement.

5  15. My co-counsel Kevin Costello and I have reviewed the evidence cited
6  in the footnotes of Exhibit 7 to the expert report of Dr. Faten Sabry.  Twelve of the
7  seventeen named plaintiff accounts analyzed in Exhibit 7 are alleged by Citi to
8  have been granted trial period extensions.  Of these twelve, nine of these
9  extensions were purportedly granted after the Modification Effective Date reported
10 to Treasury had passed – in some instances by as long as nearly five months
11 (Grover).  Of the three instances where trial extensions were purportedly granted at
12 or before the Modification Effective Date reported to Treasury (DeRosa, Korzep
13 and Singh), two of these extensions were not issued in writing, according to Citi's
14 own evidence.  *See* nn. 51 (DeRosa) & 144 (Singh) to Ex. 7 of the Expert Report
15 of Dr. Faten Sabry (noting that extension was evidenced by reference to "servicer
16 notes").  The final named plaintiff – Daniel Korzep – did receive a written letter
17 prior to his Modification Effective Date, but that letter was merely a request to
18 return particular outstanding documents by a certain date, and not a modification or
19 extension of the TPP Agreement itself.  *See id.* at n. 96 (conceding that the letter
20 Korzep received gave him until March 8, 2010 to return documents).

21 16. This plaintiff (Korzep) had already submitted all the documents listed
22 in the letter before the beginning of his Trial Period, further illustrating the
23 problems Citi created by systematically delaying underwriting and using a failing
24 document processing vendor long past the time when it was clear the vendor
25 should be fired.  *See* CALFEE002464 (**Exhibit 88**, a true and correct copy of a
26 document produced by Citi); Opening Br. at 5-6.

27 17. Given that this plaintiff had already submitted all the documents listed
28 in the letter prior to the beginning of his Trial Period, this notice further illustrates

- 5 -
DEC. OF DAVID E. AZAR ISO PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION

1  the problems Citi created by systematically delaying underwriting and using a
2  failing document processing vendor long past the time when it was clear that the
3  vendor should be fired. *See* CALFEE002464 (**Exhibit 89**, a true and correct copy
4  of a document produced by Citi); Opening Br. at 5-6.

**Documents Supporting Other Aspects of the Reply**

18. Regarding Citi's violation of the TPP contractual deadlines and regulations governing the HAMP program, attached as **Exhibit 64** is a true and correct copy of the Corrective Action Plan, Adverse Action Letter Process, June 7, 2010, produced by Citi bearing Bates numbers CITI HAMP MDL00547946-00547947.

19. Regarding Citi's non compliance with TPP contractual deadlines and regulations governing the HAMP program, attached as **Exhibit 65** are true and correct copies of emails produced by Citi, bearing Bates number CITI HAMP MDL00552791, noting Citi as noncompliant with notifying borrowers of decline despite the Adverse Action Letter Process and commitments to OCC and MHA-C.

20. [**Exhibit 66** intentionally omitted].

21. Regarding Citi's failure to render timely decisions and expectation to receive past due amounts at time of denial, attached hereto as **Exhibit 67** is a true and correct copy of a document Citi produced , bearing Bates number CITI HAMP MDL 003565 ("The past due amount, including any and all fees reflected at the end of the HAM trial payment period, will only be added or capitalized back into the mortgage loan if a loan modification is approved. If a loan modification is declined…the past due amount will become due and payable at the time of the decline."). The full document in which this appears starts at CITI HAMP MDL003440.

22. Regarding Citi's default fees "further impair[ing] the borrower's ability to repay the full delinquent amount," attached as **Exhibit 68** is a true and

- 6 -
DEC. OF DAVID E. AZAR ISO PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION

correct copy of a Citi internal email re HAM Fall Out, produced by Citi, bearing Bates number CITI HAMP MDL01370975 ("Default related fees (FC Fees) will further impair the borrower's ability to repay the full delinquent amount").

23. Regarding selected additional examples of Citi's internal data and reporting, attached as **Exhibits 69 (a)-(d)** are true and correct copies of documents produced by Citi, bearing Bates numbers CITI HAMP MDL00704391-704402, CITI HAMP MDL00347734, CITI HAMP MDL 02309071-0239078, and CITI HAMP MDL 00547948. These guidelines, training materials and CCU Working Paper confirm Citi's ability to track dates of passing qualifying tests and verbal acceptance of Plan, Policy and Procedure, dates of the first payment (PMT Effect Date), TPP cancellations, TPP extensions and whether Adverse Action Letters were properly sent. Specifically, data collected and maintained by Citi includes when a trial was initiated ("Assist Begin Date" field shows date of passing qualifying tests and verbal acceptance of plan, Policy and Procedure, Quality Control (QC Database, CITI HAMP 00704391 at 704393); the date of the first payment (PMT Effect Date, CITI HAMP 00704391 at 704393); a TPP cancellation (Policy, Trial Payment Overview, Feb. 2011, CITI HAMP MDL02309071 at 2309072) ("if the customer fails to meet the TPP guidelines or requests to be removed, a case 199 is opened"); a TPP extension (Training document: Fulfillment - Underwriting - TPP Payments, Nov. 19, 2009, CITI HAMP MDL00347734); and whether a timely written denial was sent to the borrower (CCU Work Paper for REL 3.81 Modification Adverse Action Review, May 17, 2010, CITI HAMP MDL00547948) (explaining how Citi's Compliance Control Unit tested whether Adverse Action Letters were properly sent and noting, "[b]etween January 12, 2010 and February 4, 2010 there was a logic break in the adverse action coding" which prevented 16,000 borrowers who should have received denial letters from receiving them). I have reviewed additional documents in Citi's production

regarding its data maintenance and reporting capabilities, and thus this list of supplemental documents could be expanded if the Court would find it helpful.

24.     The National Mortgage Settlement and amended OCC Consent Order have not correctly or completely compensated the class members in this case, and in many instances the class members have received nothing.  In addition, numerous complaints about significant systemic failures of the settlements continue.  It is clear from the numerous Attorneys General comments that they expect class members to pursue their claims in private litigation.  Attached as **Exhibit 70** are true and correct copies of a sampling of news articles reporting on these issues.

**The following are true and correct copies of documents cited in Dr. Ian Ayres Initial and Reply Reports to the extent not already submitted**

25.     Attached as **Exhibit 71** is a true and correct copy of a document produced by Citi, bearing Bates number CITI HAMP MDL00136480.  As discussed in the Reply Report of Dr. Ian Ayres, this email contains an *ad hoc* report identifying 4,200 customers who were in HAMP TPP Agreements, made all of their trial payments and submitted all of their documentation, but had not yet been evaluated by Citi's underwriting department for the purpose of rendering a permanent modification decision.

26.     Attached as **Exhibit 72** is a true and correct copy of a document produced by Citi, bearing Bates number CITI HAMP MDL00233020.  As discussed in the Reply Report of Dr. Ian Ayres, this document instructs Citi agents to open a Case 199 to remove the Active HAMP Trial Period coding from the loan in CitiLink from all Active Trial Period HAMP accounts that do not proceed to a HAMP Modification.

27.     Attached as **Exhibit 73** is a true and correct copy of excerpts from the the Fed. R. Civ. P. 30(b)(6) deposition of Citi representative Katherine Merhoff (August 28, 2012) at 38-46, 30-31, 63-65, 73-76, 79, 80-82, 88-92, 98, 105-109,

1 | 110, 116-18, along with the exhibits referenced therein if not already submitted.
2 | See also **Exhibit 11** of the Opening Azar declaration, which has additional pages
3 | from this deposition that were cited in the Opening Brief.
4 |     28.     Attached as **Exhibit 74** is a true and correct copy of excerpts from the
5 | the Fed. R. Civ. P. 30(b)(6) deposition of Citi representative Salvatore Joseph
6 | Gertken (September 7, 2012) at 28-132, 164-167, 187-188, 217-224, 228-229, 231,
7 | 246-252, and exhibits referenced therein if not already submitted. See also
8 | **Exhibit 5** of the Opening Azar declaration, which has additional pages from this
9 | deposition cited in the Opening Brief.
10 |     29.     Attached as **Exhibit 75** is a true and correct copy of excerpts from the
11 | the Fed. R. Civ. P. 30(b)(6) deposition of Citi representative David Haberberger
12 | (November 28, 2012) at 81, and any exhibits referenced therein if not already
13 | submitted. See also **Exhibit 8** of the Opening Azar declaration, which has
14 | additional pages from this deposition cited in the Opening Brief.
15 |     30.     Attached as **Exhibit 76** is a true and correct copy of excerpts from the
16 | the Fed. R. Civ. P. 30(b)(6) deposition of Citi representative Darrell Nietzel
17 | (January 8, 2013) at 143-153 and exhibits referenced therein if not already
18 | submitted. See also **Exhibit 7** of the Opening Azar declaration, which has
19 | additional pages from this deposition cited in the Opening Brief.
20 |     31.     Attached as **Exhibit 77** is a true and correct copy of excerpts from the
21 | the Fed. R. Civ. P. 30(b)(6) deposition of Citi representative Salvatore Joseph
22 | Gertken (January 11, 2013) (*Gertken2*) at 179-180 and exhibits referenced therein
23 | if not already submitted. See also **Exhibit 10** of the Opening Azar declaration,
24 | which has additional pages from this deposition cited in the Opening Brief.
25 |     32.     Attached as **Exhibit 78** is a true and correct copy of excerpts from the
26 | the Fed. R. Civ. P. 30(b)(6) deposition of Citi representative Jim Simpson (Mar. 1,
27 | 2013) at 14, 69-75, 104-105 and exhibits referenced therein if not already
28 |

- 9 -
DEC. OF DAVID E. AZAR ISO PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION

1  submitted.  See also **Exhibit 9** of the Opening Azar declaration, which has
2  additional pages from this deposition cited in the Opening Brief.

3        33.    Attached as **Exhibit 79** is a true and correct copy of excerpts from the
4  the Fed. R. Civ. P. 30(b)(6) deposition of Citi representative Thomas January (Mar.
5  8, 2013) at 39-40, 69, 72-74 and exhibits referenced therein if not already
6  submitted.

7        34.    Attached as **Exhibit 80** is a true and correct copy of excerpts from the
8  the Fed. R. Civ. P. 30(b)(6) deposition of Citi representative Jason Darrell Call
9  (Mar. 8, 2013) at 11, 14, 18, 30-34, 42-43, 51, 55-59, 156-162 and exhibits
10 referenced therein if not already submitted.

11       35.    Attached as **Exhibit 81** is a true and correct copy of excerpts from the
12 the Fed. R. Civ. P. 30(b)(6) deposition of Citi representative David Hensley (Mar.
13 13, 2013) at 153-158 and exhibits referenced therein if not already submitted.

14       36.    Attached as **Exhibit 82** is a true and correct copy of a document
15 produced by Citi, bearing Bates number CITI HAMP MDL01065416.

16       37.    Attached as **Exhibit 83** is a true and correct copy of a document
17 produced by Citi, bearing Bates numbers CITI HAMP MDL062338–062353.

18       38.    Attached as **Exhibit 84** is a true and correct copy of a document
19 produced by Citi, bearing Bates numbers CITI HAMP MDL00239326–00239345.

20       39.    Attached as **Exhibit 85** is a true and correct copy of a document
21 produced by Citi, bearing Bates numbers CITI HAMP MDL003961–3965.

22       40.    Attached as **Exhibit 86** is a true and correct copy of a document
23 produced by Citi, bearing Bates numbers CITI HAMP MDL00232824-00232826.

24       41.    Attached as **Exhibit 87** is a true and correct copy of a document
25 produced by Citi, bearing Bates numbers CITI HAMP MDL003966-03968.

26 //
27 //
28 //

1    I declare under penalty of perjury under the laws of the United States of
2    America that the foregoing is true and correct.  Executed on July 30, 2013 in Los
3    Angeles, California.

4                                                *// S// DAVID E. AZAR*
                                                 DAVID E. AZAR
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 11 -
DEC. OF DAVID E. AZAR ISO PLAINTIFFS' REPLY ISO MOTION FOR CLASS CERTIFICATION