**MILBERG LLP**
DAVID E. AZAR (SBN 218319)
dazar@milberg.com
NICOLE DUCKETT (SBN 198168)
ndfricke@milberg.com
300 South Grand, Suite 3900
Los Angeles, California 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

**MILBERG LLP**
ARIANA J. TADLER
atadler@milberg.com
1 Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (213) 868-1229

**KLEIN KAVANAGH COSTELLO, LLP**
GARY KLEIN
SHENNAN KAVANAGH
KEVIN COSTELLO
85 Merrimac Street, 4th Floor
Boston, Massachusetts 02114
Telephone: (617) 357-5500
Facsimile: (617) 357-5030
klein@kkcllp.com
kavanagh@kkcllp.com
costello@kkcllp.com

*Interim Lead Class Counsel*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

IN RE: CITIMORTGAGE, INC. HOME AFFORDABLE MODIFICATION PROGRAM ("HAMP") LITIGATION

This document relates to:

Beverly King, et al. v. CitiMortgage, Inc., CV 10-3792 DSF (PLAx)
Balbir Singh v. CitiMortgage, Inc., CV 11-8322 DSF (PLAx)
Leslie Barry, et al. v. CitiMortgage, Inc., CV 11-8323 DSF (PLAx)
Davidson Calfee, et al. v. CitiMortgage, Inc., CV 11-8324 DSF (PLAx)
Juan Silva, et al. v. CitiMortgage, Inc.,

Case No. 11-ml-2274 DSF (PLAx)

OBJECTION TO SUR-REBUTTAL DECLARATION OF FATAN SABRY IN SUPPORT OF CITIMORTGAGE'S REPLY ISO MOTION TO STRIKE CLASS CERTIFICATION REPORT OF IAN AYRES

DATE: September 16, 2013
TIME: 1:30 pm
CRTRM.: 840
JUDGE: Hon. Dale S. Fischer
MAGISTRATE JUDGE: Hon. Paul L. Abrams

CV 11-8325 DSF (PLAx)
Jo Ann Gastineau v. CitiMortgage, Inc.,
CV 11-8326 DSF (PLAx)
William T. Whiting v. CitiMortgage, Inc.,
CV 11-8327 DSF (PLAx)
David G. DeRosa, et al. v. CitiMortgage Inc.,
CV 11-8328 DSF (PLAx)

Robert Coons, et al. v. CitiMortgage Inc.,
CV 11-01655 DSF (PLAx)

Joaquin Sequeira, et al. v. CitiMortgage Inc.
CV 11- 9179 DSF(PLAx)

Plaintiffs object that Citi filed an improper sur-rebuttal expert report with its new declaration of Faten Sabry that Citi filed on August 30, 2013 [Doc. 460-2] in support of its Reply to Strike the Class Certification Report of Ian Ayres.

The Court's scheduling order of February 1, 2013 [Doc. 298] provides a specific meet and confer process for Citi to follow before seeking leave to file a sur-rebuttal brief or report, and also requires that, regardless of the briefing on that request for leave, that Citi "serve the proposed sur-rebuttal Rule 26(a)(2)(B) disclosures on Plaintiffs' counsel, by August 16, 2013." *Id.* at ¶¶11, 13. Neither occurred. The Order also provides Plaintiffs with an opportunity to depose any expert providing a sur-rebuttal report *before* the hearing on the class certification motion, if the Court grants a request by Citi to submit a sur-reply report or brief. *Id.* at ¶¶14, 15.

Citi bypassed that entire process by submitting what is really a sur-rebuttal report of Sabry along with its reply brief in support of its motion to strike Ayres—which itself is really a sur-rebuttal. The focus of both documents is not contesting whether the "methodology" itself is reliable, but instead on attacking the actual results of Ayres' methodology and opining on whether the actual results using his methodology establish ascertainability. They also are based on, and argue, various legal issues in dispute, such as whether the TPP requires written notices of denial, or whether oral notifications—which are included in Sabry's analysis—are sufficient. *See* Reply at 5.

Moreover, Plaintiffs disagree with Sabry's self-serving conclusions that internal data points are unavailable to determine the date a decision was communicated to each putative class member, particularly because neither Sabry nor Citi has ever disputed that Citi engages in such analytical processes—using its internal data points—for its own reporting purposes. *See* Mem. in Support of Mot. to Strike Report of Faten Sabry at 4:13-5:19; Azar-RD ¶¶ 8–9 & Exs. 59-60 (showing methodology based on assist codes); *see also* Class Cert Reply at n. 16

(citing Azar-RD ¶¶ 23, 26 and Exs. 64, 65, 69(a)–(d) (summarizing a sample of those documents), 72).

In sum, Citi's submission and argument here amount to an improper attack on substance instead of methodology, and, in any event, Citi is wrong as to both.

Date: September 11, 2013

**MILBERG LLP**
DAVID E. AZAR
NICOLE DUCKETT

*/s/ David E. Azar*
DAVID E. AZAR

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
dazar@milberg.com
nduckett@milberg.com

**MILBERG LLP**
ARIANA J. TADLER
1 Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (213) 868-1229
atadler@milberg.com

**WESTERMAN LAW CORP.**
JEFF WESTERMAN (94559)
JORDANNA G. THIGPEN (232642)
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
Telephone: (310) 698-7450
Facsimile: (310) 201-9160
jwesterman@jswlegal.com
jthigpen@jswlegal.com

*Interim Lead Class Counsel*

**KLEIN KAVANAGH COSTELLO, LLP**
GARY KLEIN
SHENNAN KAVANAGH
KEVIN COSTELLO
REBECCA NEALE
85 Merrimac Street, 4th Floor
Boston, Massachusetts 02114
Telephone: (617) 357-5500
Facsimile: (617) 357-5030
klein@kkcllp.com
kavanagh@kkcllp.com
costello@kkcllp.com
neale@kkcllp.com

*Interim Lead Class Counsel*

DECLARATION OF SERVICE BY CM/ECF AND/OR MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2. Declarant hereby certifies that on September 11, 2013, declarant served the OBJECTION TO SUR-REBUTTAL DECLARATION OF FATAN SABRY IN SUPPORT OF CITIMORTGAGE'S REPLY ISO MOTION TO STRIKE CLASS CERTIFICATION REPORT OF IAN AYRES by electronically filing the foregoing document listed above by using the Case Management/ Electronic Case filing system.

3. Declarant further certifies:

☒ All participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system

☐ Participants in the case who are registered CM/ECF users will be served by the court's CM/ECF system. Participants in the case that are not registered CM/ECF users will be served by First-Class Mail, postage pre-paid or have dispatched to a third-party commercial carrier for delivery to the non-CM/ECF participants.

4. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of September, 2013, at Los Angeles, California.



ELIZABETH VILLALOBOS-LOPEZ