MAYER BROWN LLP
ELIZABETH MANN (SBN 106524)
*emann@mayerbrown.com*
STEVEN E. RICH (SBN 198412)
*srich@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

MAYER BROWN LLP
LUCIA NALE
*lnale@mayerbrown.com*
DEBRA BOGO-ERNST
*dernst@mayerbrown.com*
STEPHEN J. KANE
*skane@mayerbrown.com*
71 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
(Admitted Pro Hac Vice)

Attorneys for Defendant
CITIMORTGAGE, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| IN RE: CITIMORTGAGE, INC. HOME AFFORDABLE MODIFICATION PROGRAM ("HAMP") LITIGATION<br><br>This document relates to:<br><br>Beverly King, et al. v. CitiMortgage, Inc.<br>    CV 10-3792 DSF (PLAx)<br>Balbir Singh v. CitiMortgage, Inc.<br>    CV 11-8322 DSF (PLAx)<br>Leslie Barry, et al. v. CitiMortgage, Inc.<br>    CV 11-8323 DSF (PLAx)<br>Davidson Calfee, et al. v. CitiMortgage, Inc.<br>    CV 11-8324 DSF (PLAx)<br>Juan Silva, et al. v. CitiMortgage, Inc.<br>    CV 11-8325 DSF (PLAx)<br>Jo Ann Gastineau v. CitiMortgage, Inc.<br>    CV 11-8326 DSF (PLAx)<br>William T. Whiting v. CitiMortgage, | Case No. 11-ml-2274 DSF (PLAx)<br><br>**DISCOVERY MATTER**<br><br>**PARTIES' JOINT DISCOVERY STATUS REPORT CONCERNING THE STATUS OF FINAL MHA-C REPORTS**<br><br>Mag. Judge Paul L. Abrams |

| | |
|---|---|
| 1 | Inc.<br>CV 11-8327 DSF (PLAx) |
| 2 | David G. Derosa, et al. v. CitiMortgage, Inc. |
| 3 | CV 11-8328 DSF (PLAx) |
| 4 | Keith Goodyk, et al. v. CitiMortgage, Inc., |
| 5 | 2:11-cv-10372 DSF (PLAx) |
|   | Robert Coons, et al. v. CitiMortgage, Inc., |
| 6 | 2:11-cv-10373 DSF (PLAx) |
| 7 | Joaquin Sequeira, et al. v. CitiMortgage, Inc. |
| 8 | CV 11-9179 DSF (PLAx) |

Pursuant to the Court's September 4, 2013 Order (Dkt. No. 479), Plaintiffs and Defendant CitiMortgage, Inc. ("Citi") (collectively, "the Parties"), submit their Joint Status Report Concerning the Status of Final MHA-C Reports.

## BACKGROUND

Following the Telephonic Discovery Conference (Dkt. No. 479), Citi provided Plaintiffs with a spreadsheet on September 5, 2013 identifying all final MHA-C reports produced by Citi to Plaintiffs, which Citi believed was 79 reports. The chart also included 12 additional final MHA-C reports that Citi was able identify but had been unable to retrieve internally through extensive efforts. Citi informed Plaintiffs that the 12 outstanding final MHA-C reports had been requested from Freddie Mac and that Citi would produce them as soon as they became available.

The following day, September 6, 2013, Freddie Mac produced the 12 final MHA-C reports to Citi's counsel, which were referenced as outstanding on Citi's September 5, 2013 spreadsheet, and Citi began efforts to review and produce those documents to Plaintiffs. In addition, that same day, Citi sent Freddie Mac's counsel Citi's September 5, 2013 spreadsheet of produced reports and asked for Freddie Mac's assistance with identifying any additional final MHA-C reports not identified therein.

On September 9, 2013, Plaintiffs sent Citi a revised version of Citi's spreadsheet and highlighted some duplicative and publicly-available reports on the spreadsheet. At that time, Plaintiffs' view was that Citi had produced 53 unique final MHA-C reports. In an accompanying email, Plaintiffs also indicated their general belief that additional final MHA-C reports were available but not yet produced. That same day, the Parties agreed to have a telephonic meet and confer concerning the production of final MHA-C reports and set that meeting for September 11, 2013.

On September 10, 2013, Citi produced the 12 additional final MHA-C reports it received from Freddie Mac to Plaintiffs.

On September 11, 2013, the Parties held a telephonic meet and confer to discuss the production of final MHA-C reports, and Citi agreed to revise its spreadsheet of produced reports to eliminate duplicative and publicly-available reports. In addition, in a separate conversation, Citi spoke to Freddie Mac's counsel and asked for additional help in gathering any outstanding final MHA-C reports, to the extent they exist.

On September 12, 2013, Citi sent Plaintiffs a revised spreadsheet cataloguing the MHA-C production to date as containing 66 final unique MHA-C reports (including the 12 produced on September 10), and another 5 reports which the parties dispute as to whether they are duplicative due to formatting and other considerations. In addition, on September 12, 2013, Citi separately corresponded with Freddie Mac's counsel and learned that MHA-C was willing to provide a list of the final reports of which it is currently aware from the August 2009 through November 2012 time period. Freddie Mac's counsel estimated that it would take approximately a week to provide Citi with this list. Also on September 12, 2013, Citi communicated Freddie Mac's position to Plaintiffs' counsel and met and conferred with Plaintiffs' counsel on next steps.

The Parties agree that once Citi receives the list of final reports from Freddie Mac, Citi will review the list and attempt to locate any listed documents which it has not produced ("To Be Produced Reports") and produce them to Plaintiffs as quickly as possible. If Citi cannot locate any of the To Be Produced Reports, Freddie Mac has agreed to review its files and provide, to Citi for production to Plaintiffs, only those reports that Citi has not been able to locate. Citi will then produce those documents to Plaintiffs' counsel.

The Parties expect to have a further update on Freddie Mac's and Citi's progress for the Court during our September 24, 2013 discovery conference.

**PLAINTIFFS' POSITION**

Plaintiffs would like finality to the production of the final MHA-C reports as soon as possible and further reserve their rights to request MHA-C documents beyond what Citi is calling the "final" MHA-C reports. In particular, Plaintiffs note that there was an "Initial Audit" performed by MHA-C during the week of August 21, 2009, as indicated by the document produced beginning at Bates No. CITI HAMP MDL MHA-C 00480. This document is a May 2010 "Audit Report" that limits the scope of its compliance review to the time period between August 24, 2009 and January 11, 2010 (the first day of the site visit that gave rise to the Audit Report). Page 3 of this document indicates among the activities within the scope of the January audit was "Follow up reviews of the observations and action items arising from MHA-C's prior Compliance Review of Citimortgage." Further, page 4 of this same document indicates that "inconsistent use of [a borrower income calculation] worksheet between the underwriting units was previously cited in the initial audit at CitiMortgage performed during the week of August 21, 2009**.**" To date, the MHA-C production has not included any document memorializing any observations or action items arising from this August 2009 initial audit.

Plaintiffs' position is that it is reasonable to infer from this document that MHA-C performed a compliance review / audit during the week of August 21, 2009, and that this compliance review resulted in "observations and action items" transmitted from MHA-C to Citimortgage, including an observation related to borrower income worksheets. One document produced is an MHAC-Second Look Status Update produced at Bates No. CITI HAMP MDL MHA-C 00476-77, which may be related to this compliance review/audit, but it is limited to summary statistical results of a 100 file review from that same month. It does not address the initial audit performed during the week of August 21, 2009 or the observations and action items arising therefrom. Plaintiffs are willing to hold this issue in abeyance pending review of the list and associated missing documents to be

produced by Freddie Mac and Citi, as described above.

**CITI'S POSITION**

By way of background, Citi conducted numerous, extensive internal searches for the final MHA-C reports requested by Plaintiffs in their subpoena to Freddie Mac. For example, Citi contacted current and former employees of the department responsible for communication with the MHA-C in an attempt to find the reports. After exhausting these searches, Citi then reached out to Freddie Mac and the United States Department of Treasury for assistance in locating additional final MHA-C reports and for help identifying any final MHA-C reports not yet produced to Plaintiffs. In summary, Citi believes that it has cooperated to the fullest extent possible, short of conducting burdensome, expensive, email searches for MHA-C documents.

With respect to Plaintiffs' concern summarized above about an "Initial Audit" performed by MHA-C during the week of August 21, 2009, if this is one of the To Be Produced Documents and the audit was memorialized in writing, Citi will produce it (either through its records or through Freddie Mac's records). If it is not, Citi agrees to make reasonable efforts to locate that document. That said, Citi does not agree to search for, and produce, each and every document relating to MHA-C audit activity. For Citi to do so would require extensive review of Citi's internal emails and electronic documents, which would be extremely expensive and unduly—and unnecessarily—burdensome given that: (1) Citi has already produced millions of pages of documents in this litigation, and (2) Citi's agreement to search for the final MHA-C reports was intended to expedite discovery on a subpoena to a third party. Citi believes that it is improper for Plaintiffs to reopen discovery with Citi, particularly at this stage of the litigation, where Plaintiffs' motion for class certification has been fully briefed and is pending the Court's ruling. Therefore, Citi would resist any attempts by Plaintiffs to obtain any MHA-C documents or reports beyond the To Be Produced Documents and any report

from the August 21, 2009 audit referenced by Plaintiffs above, to the extent it exists and was memorialized in writing.

Pursuant to Local Rule 5-4.3.4(a)(2)(ii), the filer hereby attests that all other signatories to this document concur in the content of, and have authorized, this filing.

Dated: September 13, 2013

By: _/s/ David Azar_  
MILLBERG LLP  
David Azar

Attorneys for Plaintiffs

By:   /s/ Steven E. Rich_____  
MAYER BROWN LLP  
Steven E. Rich

Attorneys for Defendant,  
CitiMortgage, Inc.

# PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, 25th Floor, Los Angeles, California 90071-1503. On September 13, 2013, the foregoing:

**PARTIES' JOINT DISCOVERY STATUS REPORT CONCERNING THE STATUS OF FINAL MHA-C REPORTS**

was served by:

[X] placing the document(s) listed above in a sealed UPS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a UPS agent for overnight delivery to the following:

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**PLEASE SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 13, 2013, at Los Angeles, California.

*Hae Jung Park*

## SERVICE LIST

**VIA UPS OVERNIGHT**
Lisa J Rodriguez
Nicole M Acchione
Trujillo Rodriguez & Richards LLC
258 Kings Highway East
Haddonfield, NJ 08033

**VIA UPS OVERNIGHT**
Pretpal Grewal
Cuneo Gilbert and LaDuca LLP
Rockefeller Center 620 Fifth Avenue
New York, NY 10020e

**VIA FIRST CLASS MAIL**
Sabrina S Kim
PO Box 5000
Rancho Santa Fe, CA 92067

PROOF OF SERVICE

702602641